UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

AGNES LAURIE BARRINGER,

          Plaintiff,

v.

CLACKAMAS COUNTY and DEPUTY
ALANA DAVIS,

          Defendants.

Case No.: 3:09-CV-00068-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Opinion*

Plaintiff Agnes Laurie Barringer ("Barringer") moves for leave to amend the Second Amended Complaint. The proposed Third Amended Complaint omits claims against two defendants and adds a § 1983 claim against Clackamas County for violation of Barringer's constitutional rights pursuant to *Monell v. Dep't of Soc. Serv. of City of N.Y*, 436 U.S. 658 (1978). Defendants Clackamas County, Deputies Alana Davis, Jill McCloud, and Deina Dalton

("Defendants") oppose the motion, arguing that good cause does not exist to modify the scheduling order and, alternatively, that justice requires denying the motion for leave to amend.

## Background

Barringer filed this suit against Defendants in January 2009 alleging violations of her constitutional rights, battery, and negligence stemming from an incident where she was restrained while incarcerated on a charge of contempt of court. Docket Entry 1. Her complaint was subsequently amended twice, and currently alleges violations of Barringer's constitutional rights, battery, and negligent hiring, training, or retention. Docket Entry 8; Docket Entry 24.

The court originally scheduled the trial to take place in December 2011, but the court postponed the trial after Barringer's counsel withdrew representation in April 2011. Docket Entry 63. New Counsel now represents Barringer, and the court recognized his appearance on March 28, 2012. Dockett Entry 75. Currently, the trial is currently scheduled to begin on May 14, 2012, with the pretrial conference to take place on May 9, 2012.

On April 23, 2012, only three weeks before the trial date, Barringer filed a motion for leave to file a Third Amended Complaint that dismisses claims against Defendants McCloud and Dalton, and adds a claim against Defendant Clackamas County for violation of Barringer's Eighth Amendment Rights. Defendants oppose the motion.

## Legal Standard

After a responsive pleading has been filed, leave to amend a complaint may only occur by leave of the court or consent of the parties. FED. R. CIV. P. 15(a)(2). Leave to amend is liberally given, "when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); FED. R. CIV P. 15(a)(2).

*Discussion*

I. Modifying the Scheduling Order

First, Defendants ask the court to deny the motion for leave to amend because granting the motion would require the court to modify the scheduling order. They contend Barringer has not demonstrated good cause to modify the order, so granting the motion would be in error.

In this case, granting leave to amend would require the court to modify the Rule 16 scheduling order. The Federal Rules of Civil Procedure declare that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Further, local rules mandate that "objections to any court imposed deadline must be raised by motion and must: (1) Show good cause why the deadlines should be modified[;] (2) Show effective prior use of time; (3) Recommend a new date for the deadline in question[; and] (4) Show the impact of the proposed extension upon other existing deadlines, settings, or schedules." *Lyon v. Chase Bank USA, N.A.*, Civ. No. 07-1779-AC, 2009 WL 3047240, at *1 (D. Or. Sept. 22, 2009), *quoting* District of Oregon, Local Rules of Civil Practice ("LR") 16.3(a) (2006). The primary factor in determining whether good cause exists is whether the party seeking amendment was diligent in pursuing the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (1992). If the party who seeks modification of the scheduling order did not act diligently in doing so, "the inquiry should end," and the motion should be denied. *Id.*

Barringer argues that she has been sufficiently diligent in seeking amendment since her new lawyer has represented her for only one month. Further, she argues that the proposed *Monell* claim arises out of the same facts and ultimate issues as the claims previously asserted.

Barringer, however, does not demonstrate the diligence required to show good cause for modifying the scheduling order. It is true that Barringer retained her current counsel became

involved only late last month, but the fact remains that her previous counsel withdrew from the case in April 2011, two years after the case was filed. Barringer did not effectively use that time or act diligently to file this motion for leave to amend in a timely manner.

Furthermore, modifying the schedule would necessitate delaying the trial. Adding a *Monell* claim would require the court to allow Defendants to conduct additional discovery, add witnesses and exhibits, and amend their pretrial documents. There is no just cause to support such disruption to the court's scheduling order.

IV. Motion for leave to amend

Even if Barringer was diligent in seeking counsel and filing this motion, denial of the motion would be appropriate. The court applies the following factors to determine whether justice requires granting a motion for leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendment; (4) undue prejudice to the opposing party; and (5) the futility of the amendment. *Eminence Capital,* 316 F.3d at 1052, *quoting Foman v. Davis,* 371 U.S. 187, 182 (1962). The Ninth Circuit has ruled that prejudice to the opposing party should be given the most weight, and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Here, nearly all of the *Foman* factors weigh in favor of Defendants. First, as explained previously, there was undue delay by Barringer in seeking replacement counsel. Second, this motion appears, in part, to have a dilatory motive in order to give counsel additional time to prepare for trial. Third, there have been repeated failures to cure deficiencies by previous amendment, as Barringer has already filed two amended complaints that failed to include the *Monell* claim that she now asserts. Finally, Defendants would be prejudiced if the court were to delay trial a second time, as granting the present motion would likely require the Defendants to introduce additional witnesses

and evidence at a late stage in the case.

The final factor, whether the amendment would be futile, weighs in favor of Barringer. In the proposed Third Amended Complaint, she properly pleads a *Monell* claim against Defendants that would likely survive a motion for failure to state a claim upon which relief can be granted. "Our circuit precedent . . . requires plaintiffs in civil rights actions against local governments to set forth no more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom." *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 637 (9th Cir. 2012). The fact that Barringer asserts a cognizable claim, however, does not overcome the other four factors that weigh in favor of Defendants. Accordingly, the motion for leave to amend is denied and the Rule 16 scheduling order will remain in place.[1]

*Conclusion*

For the reasons stated above, Barringer's motion for leave to amend is DENIED.

Dated this 3rd day of May 2012

JOHN V. ACOSTA
United States Magistrate Judge

---

[1] Barringer expressed her discomfort with the prospect of asking a jury to find that Deputy Davis's actions violated her constitutional rights despite the fact that Davis was complying with Clackamas County Policy. The court recognizes this difficult situation, and will permit Barringer to submit supplemental jury instructions regarding the relevance or irrelevance of existing Clackamas County policy on the constitutionality of Deputy Davis's actions.