UNITED STATES DISTRICT COURT

DISTRICT COURT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AGNES LAURIE BARRINGER, | Case No.: 3:09-CV-00068-AC |
| Plaintiff, | ORDER ON OBJECTIONS TO WITNESSES |
| v. | |
| CLACKAMAS COUNTY and DEPUTY ALANA DAVIS | |
| Defendants. | |

ACOSTA, Magistrate Judge:

This order addresses Plaintiff Agnes Laurie Barringer's ("Barringer") objections to Defendants Clackamas County and Deputy Alana Davis's ("Defendants") proposed trial witnesses which appear on the record as Docket No. 101 (Plaintiff's Objection to Witnesses and Exhibits).[1] The court's rulings on the parties' respective motions in limine are intended to instruct the parties

---

[1] Defendants filed no objections to Barringer's witnesses.

Page 1 - ORDER ON OBJECTIONS TO WITNESSES                                   {RMD}

on the admissibility of witness testimony and exhibits. Some of the content of this order will overlap with that of the order on motions in limine ("MIL"), but in the event of a conflict between a motion in limine ruling and a ruling on an objection to witness testimony or an exhibit, the court's ruling on the motion in limine controls.

1. **Excluding testimony by Dr. Roland Bennets M.D. ("Dr. Bennets") regarding the lack of causal relationship between Barringer's medical condition and the actions of Defendants.**

   **RULING: PLAINTIFF'S OBJECTION IS MOOT**

   At the April 20, 2012 telephone oral argument on Barringer's motion for leave to amend, Barringer informed the court that she would no longer be seeking damages related to gastrointestinal problems Barringer suffered following the incident at the jail. As a result, Defendants represented that they would not call Dr. Bennets as a trial witness. Barringer's objection, therefore, is moot.

2. **Excluding testimony by Deputy Deina Dalton ("Dalton") denying allegations that she performed a digital cavity search on Barringer when Barringer was booked into custody at the Clackamas County Jail.**

   **RULING: SUSTAINED**

   Barringer objects to the testimony of Dalton denying allegations that Clackamas County deputies performed a digital cavity search on Barringer after she was booked into the Clackamas County Jail. The Third Amended Complaint ("Complaint") contains no allegation of an unlawful search performed by Clackamas County Sheriff's Deputies. As a result, testimonial evidence regarding a search of Barringer is not relevant to the present case and is excluded pursuant to FED. R. EVID. 401 and 402. Barringer's objection is SUSTAINED.

3. **Excluding testimony by Deputy Susy-Adryanna Fielsch ("Fielsch") regarding the alleged search of Barringer when she was booked into custody at Clackamas County Jail.**

   **RULING: SUSTAINED**

   Barringer objects to the testimony by Fielsch regarding the alleged search of Barringer after she was booked into the Clackamas County Jail. Barringer does not allege an unlawful search in the Complaint. As a result, testimonial evidence regarding a search of Barringer is not relevant to the present case and is excluded pursuant to FED. R. EVID. 401 and 402. Barringer's objection, therefore, is SUSTAINED.

4. **Excluding testimony by Deputy Jill McCloud ("McCloud") denying Barringer was subject to a digital cavity search upon being booked into custody at the Clackamas County Jail and testimony regarding policy relating to strip searches of inmates being booked into the jail.**

   **RULING: SUSTAINED**

   Barringer objects to the testimony by McCloud regarding the alleged search of Barringer after she was booked into the Clackamas County Jail. Barringer does not allege an unlawful search in the Complaint. As a result, testimonial evidence regarding a search of Barringer is not relevant to the present case and is excluded pursuant to FED. R. EVID. 401 and 402. Barringer's objection, therefore, is SUSTAINED.

5. **Excluding testimony of Deputy Michael Helmstadt ("Helmstadt") regarding Barringer's behavior at the courthouse, en route to Clackamas County Jail, and at the jail.**

   **RULING: SUSTAINED IN PART AND OVERRULED IN PART**

   Barringer's objection to Helmstadt's testimony regarding Barringer's behavior at the courthouse, en route to Clackamas County Jail, and at the jail is SUSTAINED in part and

OVERRULED in part for the reasons stated in the court's ruling on Barringer's MIL 1.

6. **Excluding testimony by Richard Jacobs ("Jacobs") regarding Barringer's behavior in the courtroom that led to her arrest for contempt of court.**

   **RULING: SUSTAINED**

   Barringer's objection to Jacobs's testimony regarding Barringer's behavior in the courtroom that led to her arrest for contempt of court is SUSTAINED for the reasons stated in the court's ruling on Barringer's MIL 1.

7. **Excluding testimony of The Honorable Jeffrey S. Jones ("Judge Jones") regarding Barringer's behavior in the courtroom that led to her arrest for contempt of court.**

   **RULING: SUSTAINED**

   Barringer's objection to Judge Jones's testimony regarding Barringer's behavior in the courtroom that led to her arrest for contempt of court is SUSTAINED for the reasons stated in the court's ruling on Barringer's MIL 1.

8. **Excluding testimony of Deputy Earl Middleton ("Middleton") regarding his observations of Barringer's behavior when Barringer was being brought to the Clackamas County Courthouse Jail from Judge Jones's courtroom following the contempt of court charge.**

   **RULING: SUSTAINED**

   Barringer's objection to Middleton's testimony regarding Barringer's behavior after her arrest for contempt of court is SUSTAINED for the reasons stated in the court's ruling on Barringer's MIL 1.

9. **Excluding testimony by Deputy Marc Nunn ("Nunn") regarding Barringer's behavior in the courtroom that led to her arrest for contempt of court.**

   **RULING: SUSTAINED**

   Barringer's objection to Nunn's testimony regarding Barringer's behavior in the courtroom

that led to her arrest for contempt of court is SUSTAINED for the reasons stated in the court's ruling on Barringer's MIL 1.

10.     **Excluding testimony of David Rice ("Rice") regarding Barringer's behavior in the courtroom that led to her arrest for contempt of court.**

**RULING: SUSTAINED**

Barringer's objection to Rice's testimony regarding Barringer's behavior in the courtroom that led to her arrest for contempt of court is SUSTAINED for the reasons stated in the court's ruling on Barringer's MIL 1.

IT IS SO ORDERED

DATED this 9th day of May, 2012

JOHN V. ACOSTA
United States Magistrate Judge