UNITED STATES DISTRICT COURT

DISTRICT COURT OF OREGON

PORTLAND DIVISION

AGNES LAURIE BARRINGER,
                Plaintiff,

v.

CLACKAMAS COUNTY and
DEPUTY ALANA DAVIS

                Defendants.

Case No.: 3:09-CV-00068-AC

ORDER ON OBJECTIONS
TO EXHIBITS

ACOSTA, Magistrate Judge:

    This order addresses parties', Plaintiff Agnes Laurie Barringer ("Barringer") and Defendants Clackamas County and Deputy Alana Davis ("Defendants"), respective objections to proposed trial exhibits which appear on the record as Docket No. 101 (Plaintiff's Objection to Witnesses and Exhibits) and Docket No. 98 (Defendants Objection to Plaintiff's Exhibit 5). The court's rulings on the parties' motions in limine are intended to instruct the parties on the admissibility of witness

testimony and exhibits. Much of the content of this order will overlap with that of the order on motions in limine ("MIL"), but in the event of a conflict between a motion in limine ruling and a ruling on an objection to witness testimony or an exhibit, the court's ruling on the motion in limine controls.

## PLAINTIFF'S EXHIBITS

**Exhibit No. 5: Use of Force Incident Report relating to inmate Joshua Milow Gould, prepared by Alana Davis on March 5, 2007.**

### RULING: DEFERED UNTIL TRIAL

Defendants' objection to Exhibit No. 5, the Use of Force Incident Report relating to inmate Joshua Milow Gould, is DEFERRED UNTIL TRIAL for the reasons stated in the court's ruling on Defendants' MIL 1.

**Exhibit No. 3: Clackamas County Sheriff's policy on use of force in the jail.**

### RULING: DEFERRED UNTIL TRIAL

Although Defendants did not object to Plaintiff's Exhibit No. 3, the Clackamas County Sherriff's policy on use of force in the jail, the court has doubts about the admissibility of this exhibit in all circumstances. The court previously denied Barringer's motion to amend her complaint to add a *Monell* claim against Clackamas County. Docket No. 110. In light of that ruling, the jail's policy on use of force would be irrelevant to determine whether an individual officer violated the Eighth Amendment's prohibition against cruel and unusual punishment. However, until Deputy Davis testifies to explain what actions she took and why she took them, specifically whether she was following policy in some or all of her actions, the court cannot determine whether the policy is relevant and admissible. Accordingly, the court DEFERS ruling on this question until trial.

## DEFENDANTS' EXHIBITS

**Exhibit No. 102: Jail policy relating to inmate searches**

**RULING: SUSTAINED**

The Defendants wish to introduce, as Exhibit No. 102, the Clackamas County Jail policy relating to inmate searches. Defendants offer this exhibit to show that if jail personnel searched Barringer (something the Defendants deny), they were acting pursuant to and within the confines of Clackamas County policy on inmate searches.

Barringer argues that this evidence is irrelevant, as she has dismissed all claims previously asserted regarding an alleged unlawful search. Barringer has dismissed her allegations that Clackamas County deputies conducted an unlawful digital cavity search, and only alleges that her constitutional rights were violated when Deputy Davis handcuffed her to the bench in her cell. Because an alleged unlawful search is no longer at issue in this case, the Clackamas County policy on inmate searches is no longer relevant. Barringer's objection, therefore, is SUSTAINED.

**Exhibit No. 104: Courthouse Video**

**RULING: SUSTAINED**

While Barringer did not expressly object to Exhibit No. 104, a video depicting courtroom deputies leading Barringer through the courtroom hallway, this evidence is excluded for the reasons stated in Barringer's MIL 1.

**Exhibit No. 106: Audio Contempt Order**

**RULING: SUSTAINED**

Barringer's objection to Exhibit No. 106, the audio recording of the court proceeding in which Barringer was held in contempt of court, is SUSTAINED for the reasons stated in the court's

ruling on Barringer's MIL 1.

  IT IS SO ORDERED

  DATED this __9th__ day of May, 2012

                 /s/ John V. Acosta
                 JOHN V. ACOSTA
                 United States Magistrate Judge